Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2644 | **DATE** | 1/11/2005 |
| **CASE TITLE** | Warr v. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Respondent's Motion to Dismiss [14-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Respondent's Motion to Dismiss [14-1] is granted. See reverse.

*/s/ Charles R. Norgle*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN date docketed | |
| X | Docketing to mail notices. | | docketing deputy initials | 21 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

Before the court is Respondent Kenneth Briley's ("Briley") Motion to Dismiss Petitioner Dion Warr's ("Warr") writ for habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Respondent's Motion to Dismiss is granted.

Warr was convicted of first degree murder and sentenced to 60 years in prison. The Illinois Appellate Court affirmed his conviction and on October 4, 1995, the Illinois Supreme Court denied Warr's leave to appeal. Then, on December 7, 1995, Warr mailed a pro se Post-Conviction Petition, which was dismissed by the trial court on February 9, 1996. On June 5, 1997, Warr filed a petition for rehearing based on new evidence he claimed to have discovered. The trial court denied the petition for rehearing on July 3, 1997. Warr filed a second post-conviction petition on August 19, 1997, which the trial court denied as improper on September 3. Finally, on March 19, 2003 the Illinois Appellate court affirmed the denial of Warr's second post-conviction petition. On April 14, 2004 Warr filed his writ of habeas corpus in the federal court.

Warr's petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. See 28 U.S.C. § 2244(d)(1). The one-year statute of limitations imposed by § 2244(d)(1)(A) begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year statute of limitations imposed by § 2244(d)(1) may be tolled. Section 2244(d)(2) provides that the limitations period is tolled during the time that "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). As the Seventh Circuit has stated, "Congress explicitly required a 'properly filed' pleading to toll the statute of limitations." Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000). "An application is 'properly filed' if its delivery and acceptance 'are in compliance with the applicable laws and rules governing filings.'" Gray v. Briley, 305 F.3d 777, 778-79 (7th Cir. 2002) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). In order to be "properly filed," an application for collateral review in state court must satisfy the state's timeliness requirements. See Carey v. Saffold, 536 U.S. 214, 226 (2002); Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002). "If the petitioner failed to comply with an adequate and independent rule of state procedure, and he cannot show cause and prejudice in connection with his failure to do so, then federal habeas corpus relief is not available." Gray, 305 F.3d at 779 (citing Stewart v. Smith, 536 U.S. 856, 860 (2002)).

Warr's conviction became final, and his first post-conviction petition was denied, prior to the effective date of the AEDPA, April 24, 1996. Any delay prior to the effective date is not counted against Warr for purposes of the statute of limitations. Freeman v. Page, 208 F.3d 572, 573 (7th Cir. 2000)(citing Lindh v. Murphy, 96 F.3d 856, 865-66 (7th Cir. 1996)); see Gendron v. United States, 154 F.3d 672, 676 n.2 (7th Cir. 1998), rev'd on other grounds, 521 U.S. 320 (1997). The date on which the judgment became final for purposes of this petition is therefore April 24, 1996. See Freeman, 208 F.3d at 573. Therefore, Warr had until April 24, 1997 to file his habeas petition. Moreover, there was no tolling of the statute of limitations, because Warr filed his motion to reconsider his first post-conviction petition almost fifteen months after April 24, 1996. In addition, Warr waited another six months from October 7, 2003, the date in which the Illinois Supreme Court denied his leave to appeal a second post-conviction petition, to April 13, 2004, when he filed his federal habeas action. Therefore, Petitioner's current action is barred by the statute of limitations.

In addition, Warr cannot claim equitable tolling of the statute because he did not receive notice that his first post-conviction petition was dismissed. Equitable tolling of the statute of limitations is only appropriate when "extraordinary circumstances far beyond the petitioner's control prevented timely filing." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003); see Williams v. Sims, 390 F.3d 958, 963 (7th Cir. 2004). The fact that Warr did not know that his petition was rejected is not sufficient for an equitable tolling of the statute of limitations.

For the foregoing reasons, Respondent's Motion to Dismiss is granted.

IT IS SO ORDERED.